1
2
3
4
5
6

**THE DISTRICT COURT OF GUAM**

7

8

| | |
|---|---|
| PATRICK IRIARTE, | CIVIL CASE NO. 25-00018 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |
| ROSEMARY REDILA, | |
| Defendants. | |

9
10
11
12
13
14
15

16    This matter comes before the court on Plaintiff Patrick Iriarte's Complaint under 28

17  U.S.C. §§ 1331 and 1332, and his Application to Proceed in District Court without Prepaying

18  Fees or Costs ("Application to Waive Fees"). ECF Nos. 1 & 2. The court has reviewed the

19  relevant filings and finds this matter suitable for submission without oral argument.

20    For the reasons stated herein, the court hereby **GRANTS** Plaintiff's Application to Waive

21  Fees and **DISMISSES** Plaintiff's Complaint with leave to amend.

22  **I. Application to Waive Fees**

23    Plaintiff filed his Application to Waive Fees on April 21, 2025. ECF No. 2. A court may

24  authorize an individual to commence a civil action without prepayment of the required filing fee

1    under 28 U.S.C. § 1915(a)(1) if that person "submits an affidavit [stating] . . . that the person is

2    unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

3        In the Application to Waive Fees, Plaintiff averred that he has zero sources of income.

4    ECF No. 2. Moreover, he states that he only has $5.00 in a checking or savings account. *Id.*

5    Based on the declarations of Plaintiff, the court finds that Plaintiff cannot pay the filing fee and

6    grants his Application to Waive Fees. Accordingly, the court must screen Plaintiff's Complaint

7    before allowing the case to proceed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

8    **II. Background**

9        Plaintiff's complaint alleges "Defendant advised and assisted in Crime against plaintiff."

10    ECF No. 1. Moreover, "Defendant knew that the crime would cause harm and suffering to

11    plaintiff [and] the suffering of the plaintiff was directly caused by the illegal actions of

12    defendant." *Id.* Plaintiff then requested $1,000,000.00 in compensatory damages and interests

13    and costs. *Id.* He contends that the "court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C.

14    § 1332" to hear this claim. *Id.* Plaintiff is seeking $1 million in compensatory damages, plus

15    interests and costs. *Id.*

16    **III. Screening the Complaint**

17        Pursuant to 28 U.S.C. § 1915(e), the court is required to review a complaint and dismiss

18    it if the action is "frivolous or malicious," "fails to state a claim upon which relief may be

19    granted," or "seeks monetary relief against a defendant who is immune from such relief." 28

20    U.S.C § 1915(e)(2)(B)(i)-(iii); *Lopez*, 203 F.3d at 1126-27. A complaint "is frivolous where it

21    lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

22        A complaint must contain a short and plain statement that the plaintiff is entitled to relief,

23    along with "enough facts to state a claim to relief that is plausible on its face." FED. R. CIV. P.

24    8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Nagrampa v. MailCoups, Inc.*,

469 F.3d 1257, 1264 n.2 (9th Cir. 2006). The court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Although a plaintiff is not required to provide detailed allegations, legal conclusions are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court can dismiss a *pro se* litigant's complaint without leave to amend if the deficiencies in the complaint cannot be cured. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam)).

When a plaintiff is *pro se*, the court must liberally construe the allegations in a complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). Nonetheless, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). In particular, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks omitted).

## IV. Analysis

Plaintiff's Complaint fails to sufficiently state the basis of this court's jurisdiction or a claim upon which relief can be granted.

### A. Jurisdiction

Plaintiff alleges jurisdiction under both 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity). Federal question jurisdiction grants the court the ability to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff makes the conclusory claim that the court can act under federal question jurisdiction but does not mention which of his rights under the Constitution, federal law, or treaty has been violated. *See* ECF No. 1.

Diversity jurisdiction grants the court the ability to hear "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the parties have "complete diversity." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). Plaintiff makes the conclusory claim that the court can act under diversity jurisdiction but does not allege how the parties are diverse. *See* ECF No. 1.

In sum, Plaintiff has failed to allege sufficient facts to demonstrate that this court has jurisdiction over his claims.

**B. Failure to State a Claim**

Plaintiff has not alleged a basis in either law or fact for his Complaint to proceed. Currently, his complaint alleges "Defendant advised and assisted in Crime against plaintiff" and "Defendant knew that the crime would cause harm and suffering to plaintiff." ECF No. 1. This allegation does not contain any material facts about what Defendant did to cause harm or what injury Plaintiff suffered. These are conclusory statements without factual allegations. Moreover, Plaintiff does not allege what legal basis he has for these claims.

**C.     Leave to Amend**

If a complaint fails to state a plausible claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th

Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)).

Here, Plaintiff failed to meet the basic pleading requirement of a Complaint. As such, the court will allow Plaintiff to amend his Complaint, ensuring that the amended Complaint contains "enough facts to state a claim to relief that is plausible on its face." FED. R. CIV. P. 8(a)(2). Plaintiff has thirty (30) days from the date of this order to file an amended complaint. If Plaintiff fails to file an amended complaint in compliance with this order, this action may be dismissed with prejudice and without further notice.

## V.  CONCLUSION

For the foregoing reasons, the court **GRANTS** Applicant's Application to Waive Fees and **DISMISSES** the Complaint with leave to amend.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
        **Chief Judge**
**Dated: Oct 16, 2025**